United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ERLINDA GIL,

        Plaintiff,

      v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No.  5:15-cv-01793-EJD

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 23

Plaintiff Erlinda Gil ("Plaintiff") contends in this action that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") engaged in misconduct related to a "bad faith review" of loan modification applications, and recorded documents containing false statements against her real property. Presently before the court is Wells Fargo's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiff opposes.  Dkt. Nos. 23, 28.

Federal jurisdiction arises under 28 U.S.C. § 1332.  Having carefully reviewed the pleadings in conjunction with the arguments of counsel, the court has determined that all causes of action are barred by the judicial estoppel doctrine.  Thus, Wells Fargo's Motion to Dismiss will be granted and the causes of action will be dismissed without leave to amend for the reasons explained below.

## I.   BACKGROUND

In October, 1997, Plaintiff and her now-deceased husband purchased real property located in Milpitas, California, with a "mortgage loan they received from a third party lender."  Compl., Dkt. No. 1, at ¶ 15.  The $345,000 loan was secured by a deed of trust to the Milpitas property.  Id. Plaintiff later refinanced the loan in April, 2007, through Wachovia Bank, FSB, and executed a

1

1   promissory note in the amount of $750,000 to Wachovia.  Id. at ¶ 16; Req. for Judicial Notice

2   ("RJN"), Dkt. No. 24, at Ex. A.[1]  The note was also secured by a deed trust to the Milpitas

3   property.  Id.; RJN at Ex. B.  Plaintiff alleges she "received a high interest, negative amortization,

4   variable rate mortgage loan" from Wachovia.  Id. at ¶ 17.  Wachovia subsequently merged with

5   Wells Fargo.  Id. at ¶ 19; RJN at Exs. C-G.

6          Although Plaintiff made payments under the loan for several years, the monthly payment

7   eventually became "unsustainable/unaffordable."  Id. at ¶ 18.  Plaintiff alleges she "had no choice

8   but to default" in 2009.  Id.  In response, Wells Fargo caused a Notice of Default to be recorded on

9   February 4, 2010, which Plaintiff alleges falsely stated that it tried to contact her with due

10  diligence.  Id. at ¶¶ 20-23.  A Notice of Trustee's Sale was recorded on behalf of Wells Fargo on

11  May 7, 2010.  Id. at ¶ 24.

12         Plaintiff applied to Wells Fargo for a loan modification in late 2011.  Id. at ¶ 25.  On

13  March 16, 2012, Plaintiff alleges the single point of contact assigned by Wells Fargo notified her

14  she was approved for a Trial Payment Plan, or "TPP."  Id. at ¶ 26.  Plaintiff was also informed the

15  TPP documents would be sent to her and that in order to accept the offer, she would need to make

16  all three TPP payments on time.  Id. at ¶ 27.

17         Plaintiff alleges, however, that she never received the TPP documents and, after several

18  inquiries, was eventually told her application had "gotten stale" and that a new loan modification

19  application would need to be submitted.  Id. at ¶¶ 28-35.  Plaintiff faxed a new, complete

20  application to Wells Fargo on June 30, 2012, which was denied for "insufficient income."  Id. at

21  ¶¶ 36, 37.  Three subsequent applications submitted by Plaintiff were also denied, and a second

22  Notice of Trustee's Sale was recorded on March 27, 2015.  Id. at ¶¶ 38-41, 44.

23         Plaintiff initiated this action on April 21, 2015, and asserts the following causes of action

24

25  _____

26  [1] The RJN is GRANTED in its entirety.  See Fed. R. Evid. 201(b) (providing that the court "may
    judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and
    readily determined from sources whose accuracy cannot reasonably be questioned"); see also

27  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the
    court "may take judicial notice of court filings and other matters of public record").

28
                                                        2
    Case No.: 5:15-cv-01793-EJD
    ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1   against Wells Fargo: (1) violation of California Civil Code § 2923.7; (2) violation of California

2   Civil Code § 2923.5; (3) violation of California Civil Code § 2924.17; (4) negligence; (5) breach

3   of the covenant of good faith and fair dealing; (6) promissory estoppel; (7) intentional

4   misrepresentation; (8) violation of California Welfare & Institutions Code § 15610.30; and (9)

5   violation of the Unfair Competition Law, California Business & Professions Code § 17200.

6         The instant motion followed.

7   **II.   LEGAL STANDARD**

8         Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

9   specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

10   it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

11   The factual allegations "must be enough to raise a right to relief above the speculative level" such

12   that the claim "is plausible on its face." Id. at 556-57.  A complaint that falls short of the Rule

13   8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R.

14   Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

15   cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v.

16   Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

17         When deciding whether to grant a motion to dismiss, the court must generally accept as

18   true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court

19   must also construe the alleged facts in the light most favorable to the plaintiff.  Love v. United

20   States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "courts are not bound to accept as true a

21   legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

22         Also, the court generally does not consider any material beyond the pleadings for a Rule

23   12(b)(6) analysis.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19

24   (9th Cir. 1990).  Exceptions to this rule include material submitted as part of the complaint or

25   relied upon in the complaint, and material subject to judicial notice.  See Lee v. City of Los

26   Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

27

28
                                                    3
     Case No.: 5:15-cv-01793-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

*United States District Court*
*Northern District of California*

III.   DISCUSSION

Although Wells Fargo presents may arguments in support of its motion, only one requires discussion because it is dispositive of all causes of action.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).  Aside from preventing inconsistency, the Ninth Circuit applies this discretionary equitable doctrine out of "'general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" Id. (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

While "[c]ourts have observed that 'the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle,'" (New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quoting Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982)), three non-exhaustive factors are routinely considered: (1) whether the party's later position is "clearly inconsistent with its earlier position;" (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Hamilton, 270 F.3d at 782-83 (citing New Hampshire, 532 U.S. at 750-51).

"The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases." Id. at 783.  Thus, "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." Id.; Ah Quin v. Cnty. of Kauai Dept. of Transp., 733 F.3d 267, 271 (9th Cir. 2013) ("In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-

Case No.: 5:15-cv-01793-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1     filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation),

2     judicial estoppel bars the action."). This is because "[t]he debtor, once he institutes the bankruptcy

3     process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all

4     his assets." Id. at 785.

5          Read in conjunction with the Complaint, documents subject to judicial notice reveal that

6     Plaintiff was obligated to disclose in her bankruptcy case the causes of action she now asserts

7     against Wells Fargo in this case. Plaintiff filed a voluntary Chapter 13 bankruptcy petition on

8     October 1, 2010. RJN at Exs. K, L. She also filed property schedules that same day, as well as

9     amended schedules on October 5, 2010, but did not disclose any causes of action even though

10    some - such as those relating to the Notice of Default recorded in February, 2010 - arise from

11    conduct preceding the date of the petition. Id. at Exs. L, M; see 11 U.S.C. 541(a)(1) (providing

12    that the bankruptcy estate "is comprised of . . . all legal or equitable interests of the debtor.").

13    Furthermore, Wells Fargo was subject to the automatic bankruptcy stay for over two years, from

14    October 2010, to December, 2012, and Plaintiff was not discharged from bankruptcy until

15    February 12, 2014. Id. at Exs. O, P. Yet Plaintiff does not dispute she failed to amend her

16    property schedules to account for any claims against Wells Fargo, all of which had accrued by that

17    date the stay was terminated in 2012, even though she was under a continuing obligation to do so.

18    See Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 384-85 (9th Cir. 2008).

19         Based on these documents, it is evident that Plaintiff had "knowledge of enough facts to

20    know" that potential causes of action existed against Wells Fargo during the pendency of her

21    bankruptcy. Hamilton, 270 F.3d at 784. It is also evident that Plaintiff asserted "clearly

22    inconsistent" positions between her two cases, that the Bankruptcy Court "accepted" Plaintiff's

23    position by granting her an automatic stay, and that Plaintiff would obtain an unfair advantage in

24    this proceeding were it to proceed. See id. at 782-83; see also Sharp v. Nationstar Mortg., LLC,

25    No. 14-0831, 2014 U.S. Dist. LEXIS 124096, at *15-16, 2014 WL 4365116 (N.D. Cal. Sept. 3,

26    2014); see also Swendsen v. Ocwen Loan Servicing, LLC, No. 2:13-cv-02082-TLN-CKD, 2014

27    U.S. Dist. LEXIS 37780, at *17, 2014 WL 1155794 (E.D. Cal. Mar. 21, 2014) ("The law in this

28

United States District Court
Northern District of California

5

Case No.: 5:15-cv-01793-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   area is clear: a plaintiff who has received the benefit of an automatic stay under 11 U.S.C. § 362(a)

2   would receive an unfair advantage by prosecuting claims against a defendant after failing to

3   disclose those claims in his bankruptcy proceedings."). Accordingly, the court finds that Plaintiff

4   should be judicially estopped from pursuing the causes of action listed in the Complaint.

5       In an effort to avoid this result, Plaintiff relies on supposed inadvertence or mistake, and

6   argues "she never intended to conceal any claims in her bankruptcy petition because she did not

7   know her rights and only recently decided to sue [Wells Fargo] because she lost faith in their loan

8   modification process." This position is unpersuasive. Aside from this argument being seriously

9   undermined by the fact that Plaintiff was represented by counsel throughout the bankruptcy case,

10  her failure to disclose the claims in that action cannot be classified as either inadvertent or

11  mistaken. The narrow exception to judicial estoppel for inadvertence or mistake does not apply if

12  "the debtor knew about the claim when he or she filed the bankruptcy schedules," and where "the

13  debtor had a motive to conceal the claim," which motive is "nearly always present" and raises a

14  presumption of deliberate manipulation. Ah Quin, 733 F.3d at 271-73. As already indicated,

15  Plaintiff had enough information to know about her causes of action against Wells Fargo during

16  the pendency of her bankruptcy case, and certainly had a motive to conceal any claims. As such,

17  she has not overcome the presumption of manipulation that arises under these circumstances. See

18  Hannon v. Wells Fargo Bank, N.A., No. 14-CV-05381-LHK, 2015 U.S. Dist. LEXIS 106860, at

19  *20-21, 2015 WL 4776305 (N.D. Cal. Aug. 13, 2015).

20      In sum, Plaintiff's claims are barred by judicial estoppel. And because there are no

21  additional facts that would foreclose application of the judicial estoppel doctrine, the court finds

22  that allowing for amendment of the complaint would be futile. See Rabidou v. Wachovia Corp.,

23  No. 5:14-cv-03684-PSG, 2015 U.S. Dist. LEXIS 46702, at *15-16, 2015 WL 1737926 (N.D. Cal.

24  Apr. 8, 2015). All causes of action will therefore be dismissed without leave to amend. Hartmann

25  v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013).

26  **IV.   ORDER**

27      Based on the foregoing, Wells Fargo's Motion to Dismiss (Dkt. No. 23) is GRANTED.

28

6

Case No.: 5:15-cv-01793-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1    All causes of action are DISMISSED WITHOUT LEAVE TO AMEND.  Judgment will be

2    entered in favor of Wells Fargo and the Clerk shall close this file.

3

4         **IT IS SO ORDERED.**

5    Dated:  July 13, 2016

6    _____

7    EDWARD J. DAVILA
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 5:15-cv-01793-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California